1  ROBERT J. ROSATI, # 112006
   robert@erisalg.com
2  THORNTON DAVIDSON, # 166487
   thornton@erisalg.com
3  ERISA Law Group LLP
4  6485 N. Palm Ave.,
   Fresno, California 93704
5  Telephone: 559-478-4119
   Facsimile: 559-478-5939
6

7  Attorneys for Plaintiff,
   TIMOTHY BOCCIA
8

9  SEDGWICK LLP
   Mark J. Hancock, # 160662
10 mark.hancock@sedgwicklaw.com
   Rebecca A. Hull, # 99802
11 rebecca.hull@sedgwicklaw.com
   Erin A. Cornell, # 227135
12 erin.cornell@sedgwicklaw.com
13 333 Bush Street, 30th Floor
   San Francisco, California 94104-2834
14 Telephone: (415) 781-7900
   Facsimile: (415) 781-2635
15

16 Attorneys for Defendants,
   VISA INC. AND COMPANY AFFILIATES
17 WELFARE BENEFIT AND CAFETERIA PLAN;
   METROPOLITAN LIFE INSURANCE COMPANY
18

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TIMOTHY BOCCIA, | CASE NO. 3:15-cv-1574 |
| Plaintiff, | |
| v. | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| VISA INC. AND COMPANY AFFILIATES WELFARE BENEFIT AND CAFETERIA PLAN; METROPOLITAN LIFE INSURANCE COMPANY, | **[F.R.C.P. 26(a)(1); Local Rule 16-9]** |
| | Honorable Richard Seeborg |
| Defendants. | Date: July 9, 2015 |
| | Time: 10:00 a.m. |
| | Ctrm: 3, 17th (San Francisco) |

Plaintiff Timothy Boccia ("Boccia") and Defendants VISA Inc. and Company Affiliates Welfare Benefit and Cafeteria Plan ("the Plan") and Metropolitan Life Insurance Company ("MetLife") in compliance with F.R.C.P. Rule 26(f) and Local Rule 16-9, met and conferred to develop a proposed discovery plan and hereby file their report.

1. **Jurisdiction and Service**

This case presents federal questions arising under the Employee Retirement Income Security Act of 1974 ("ERISA"). Boccia is suing for benefit recovery under 29 U.S.C. §§ 1132(a) and (e). All parties have been served and have answered all pleadings.

2. **Facts**

This action arises from the denial of Plaintiff's claims for long-term disability ("LTD") benefits. Boccia timely appealed that determination, MetLife denied.

MetLife contends that the Plan contains the requisite language such that this case should be evaluated under an abuse of discretion standard of review. Boccia agrees that the Policy grants discretion to MetLife, but contends that the discretionary clause is void pursuant to California Insurance Code § 10110.6 and inapplicable therefore review is de novo.

MetLife denies that plaintiff is entitled to any relief. MetLife disagrees that the discretionary clause is void or inapplicable, or that California Insurance Code § 10110.6 applies to this action. MetLife contends that any grant of discretionary authority to MetLife is set forth in the Plan documents themselves, and not the group policy. Section 10110.6 applies only to grants of discretion found in an insurance policy or contract, not to discretionary provisions in the Plan documents.

3. **Legal Issues**

Plaintiff contends that the legal issues are:

1. What is the appropriate standard of review: abuse of discretion or de novo?
2. Whether Boccia is entitled to LTD benefits under the terms of the Policy.
3. Whether either party is entitled to attorneys' fees and costs, and if so, in what amount?

///

MetLife contends that the legal issues are:

1. What is the appropriate standard of review?

2. If the appropriate standard of review is abuse of discretion, whether MetLife reasonably determined that plaintiff was not entitled to LTD benefits under the Plan.

3. If *de novo* review applies, whether plaintiff is entitled to LTD benefits under the Plan.

4. Whether either party is entitled to attorney's fees and costs of suit and, if so, in what amount?

4. **Anticipated Motions**

A motion regarding the standard of review and the scope and extent of discovery is are anticipated. The parties also anticipate that the matter can and should be decided on cross-motions for judgment, on the administrative record and any other evidence admitted by the Court.

5. **Amendment of Pleadings**

The parties do not anticipate amending the pleadings.

6. **Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to F.R.C.P. Rule 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. **Disclosures**

The parties have discussed those issues required by F.R.C.P. 26. The parties do not suggest any changes to the timing, form or requirement for disclosures under Rule 26(a). The initial disclosures will be made by August 1, 2015.

8. **Discovery**

No discovery has been conducted to date.

No modifications should be made regarding discovery rules.

The parties do not anticipate any or any significant e-discovery and will enter into a stipulated e-discovery order if necessary.

The deadline to complete all discovery shall be November 30, 2015.

**A.     Plaintiff's Position**

Plaintiff seeks limited discovery to ensure that we have the complete administrative record - - and therefore the discovery sought is independent of the standard of review. First, plaintiff's counsel is aware that MetLife maintains a separate computer file of legal advice sought and obtained to decide claims. Such advice is properly part of the administrative record because it falls within the fiduciary exception to the attorney-client-privilege. *Stephan v. Unum Life Insurance Company of America,* 697 F.3d 917 (9th Cir. 2012). Since Boccia submitted detailed legal arguments in his appeal, is stands to reason that those arguments were evaluated by a lawyer.

Second, in the course of the appeal, Boccia was invited to comment on the review of Dr. Brusch, MetLife's reviewing doctor, and did so, challenging Dr. Brusch's integrity and credibility. This was not the first time Boccia's counsel challenged the use of Dr. Brusch by MetLife and provided information about Dr. Brusch's lack of integrity and honesty. Boccia intends to serve discovery (interrogatories and requests for admission) to ascertain whether MetLife investigated these allegations - - any time - - to learn the scope and extent of the investigation, and to learn what conclusions were drawn or reached.

Thus, Plaintiff seeks to serve about 10 interrogatories and about 10 requests for production of documents covering the two topics above.

**B.     MetLife's Position**

The parties are in need of the Court's determination of the applicable standard of review. In an action for recovery of ERISA-regulated employee benefits, such as the claims at issue here, the only type of discovery potentially available, in the discretion of the Court, is quite limited and must be narrowly tailored to the issue of whether the structural conflict of interest (created by the fact that MetLife both funds the Plan benefits through insurance and also makes claim determinations). The discovery plaintiff apparently hopes to conduct thus is outside of the permissible scope of discovery, regardless of the standard of review.

The applicable plan documents expressly grant discretion to the Plan's fiduciaries, including MetLife. As such, California Insurance Code § 10110.6 is irrelevant, and the standard

of review will be abuse of discretion. See *Metropolitan Life Ins. Co. v. Glenn,* 554 U.S. 105, 128 S.Ct. 2343, 2350, 171 L.Ed.2d 299 (2008). The Supreme Court has confirmed that a claim administrator's discretionary benefit determination will be upheld so long as it is reasonable, even where there is a structural conflict of interest. *Conkright v. Frommert,* 130 S.Ct. 1640, 1646 (2010). See also *Salomaa v. Honda Long term Disability Plan,* 642 F.3d 666, 676 (9th Cir. 2011) (citations and footnote omitted): "The meaning of "abuse of discretion" is elucidated in our [prior case law]. There we held that the test for abuse of discretion in a factual determination (as opposed to legal error) is whether 'we are left with a definite and firm conviction that a mistake has been committed,' and we may not merely substitute our view for that of the fact finder."

Thus, the central issue in the suit will be whether the determination of plaintiff's claim was an abuse of discretion - which it was not, as it was reasonable in light of the complete administrative record. See *Wells v. Reliance Standard Life Ins. Co.,* 285 Fed.Appx. 343 (9th Cir. 2008), *Salomaa, supra.* The discovery plaintiff proposes to conduct is not consistent with the applicable law regarding claims for ERISA benefits; under applicable law, as noted above, any permissible discovery must be narrowly tailored to address only the issue of the structural conflict of interest. *See also Dilley v. Metropolitan Life Ins. Co.,* 256 F.R.D. 643 (N.D. Cal. 2009) (granting protective order against plaintiff's attempts to obtain broad "conflict" discovery). The discovery that plaintiff purports to conduct is impermissible as it seeks attorney-client privileged information and/or does not address the issue of the structural conflict of interest.

Even if the standard of review is *de novo*, however, plaintiff cannot show that "circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision." *Mongeluzo v. Baxter Travenol Long Term Disability Plan,* 46 F.3d 938, 944 (9th Cir. 1995), quoting *Quesinberry v. Life Ins. Co. of North America,* 987 F.2d 1017, 1025 (4th Cir. 1993) (*en banc).* Although the Court has discretion, on *de novo* review, to consider evidence outside the record, the Ninth Circuit in *Mongeluzo* cautioned that "a district court should not take additional evidence merely because someone at a later date comes up with new evidence that was not presented" at the claim stage. *Mongeluzo, supra,* 46 F.3d at 944. Additionally, *Stephan, supra,* does not support the production of privileged and confidential

communications when the Court's review is *de novo*. *See, Blaj v. Unum Ins. Co. of America,* 2014 WL 27315182, *3 (N.D. Cal. 2014).

9. **Class Actions**

This is not a class-action.

10. **Related Cases**

There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. **Relief**

Boccia seeks s declaratory judgment retroactively requiring MetLife to award him long-term disability benefits and payment of back benefits through the date of judgment, together with prejudgment interest, attorneys' fees and costs of suit.

MetLife asks that plaintiff take nothing by way of his complaint and that judgment be entered in favor of Met Life. MetLife reserves its right to seek an award of attorneys' fees and costs upon prevailing in this action.

12. **Settlement and ADR**

The parties have explored the possibility of resolution of this matter, and are considering the scheduling of an early mediation before a private mediator. The parties have not yet selected a private mediator, but will be prepared to discuss the settlement options in more detail at the case management conference.

13. **Consent to Magistrate**

The parties respectfully decline to proceed to trial before a Magistrate.

14. **Other References**

The parties do not believe this matter is appropriate for binding arbitration or any other type of reference.

15. **Narrowing of Issues**

None at this time.

16. **Expedited Trial Procedure**

This case is not appropriate for expedited procedures.

17. **Scheduling**

Because this is an ERISA action, the parties agree that a pretrial conference is not necessary. (See, *Kearney v. Standard Insurance*, (9th Cir. 1999)175 F.3d 1084.) Therefore, with respect to scheduling and planning, the parties propose to waive the pretrial conference and its attendant requirements under the Civil Local Rules. The parties proposed briefing schedule is in the next section.

18. **Trial**

This is a non-jury case. Trial should be limited to two hours, if required, following dispositive motions. The parties propose the following trial briefing and hearing schedule, which will permit the parties to exhaust the possibility of settlement and address discovery matters:

| | |
|---|---|
| Deadline for Exchange of Opening Trial Briefs: | January 15, 2016 |
| Deadline for Exchange of Opposition Briefs: | January 29, 2016 |
| Bench Trial: | February 9, 2016 |

19. **Disclosure of Non-Party Interested Entities or Persons**

Both parties have filed the Certification of Interested Entities or Persons. The following listed persons, associations of persons, firms, partnerships, corporations or other entities (1) have a financial interest in the subject matter in controversy or in a party to the proceeding; or (2) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of the proceeding:

| | |
|---|---|
| Plaintiff | Timothy Boccia |
| Defendants | Metropolitan Life Insurance Company and VISA Inc. and Company Affiliates Welfare Benefit and Cafeteria Plan |

20. **Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. **Other Matters**

By separate application, Boccia's counsel will seek permission to appear telephonically at the case management conference.

Dated: July 1, 2015　　　　　　　　　ERISA LAW GROUP LLP

　　　　　　　　　　　　　　　　　　*/s/ Robert J. Rosati*_____
　　　　　　　　　　　　　　　　　　ROBERT J. ROSATI
　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff,
　　　　　　　　　　　　　　　　　　TIMOTHY BOCCIA


Dated: July 1, 2015　　　　　　　　　SEDGWICK LLP

　　　　　　　　　　　　　　　　　　*/s/Erin A. Cornell*_____
　　　　　　　　　　　　　　　　　　MARK J. HANCOCK
　　　　　　　　　　　　　　　　　　REBECCA A. HULL
　　　　　　　　　　　　　　　　　　ERIN A. CORNELL
　　　　　　　　　　　　　　　　　　Attorneys for Defendants,
　　　　　　　　　　　　　　　　　　VISA INC. AND COMPANY AFFILIATES WELFARE BENEFIT AND CAFETERIA PLAN;
　　　　　　　　　　　　　　　　　　METROPOLITAN LIFE INSURANCE COMPANY

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF FRESNO

I, MAI VANG, certify and declare as follows: I am a citizen of the United States and a resident of the County aforesaid; I am over the age of eighteen years and not a party to the within above entitled action; my business address is 6485 N. Palm Avenue, Suite 105, Fresno, California 93704; Fax 559-478-5939.

I hereby certify that on July 1, 2015, I served the foregoing documents described as: **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** on the interested parties as follows:

| | |
|---|---|
| Mark J. Hancock<br>Rebecca A. Hull<br>Erin A. Cornell<br>SEDGWICK LLP<br>333 Bush Street, 30th Floor<br>San Francisco, California 94104-2834<br><br>*mark.hancock@sedgwicklaw.com*<br>*rebecca.hull@sedgwicklaw.com*<br>*erin.cornell@sedgwicklaw.com* | Attorneys for Defendants, VISA INC. AND COMPANY AFFILIATES WELFARE BENEFIT AND CAFETERIA PLAN; METROPOLITAN LIFE INSURANCE COMPANY |

[ X ] **ELECTRONICALLY:** I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System. I served those parties who are not registered participants of the ECF System as indicated below.

[ ] I placed the [ ] original / [ ] a true copy thereof enclosed in a sealed envelope(s) to the parties listed above and caused such envelope(s) to be delivered by:
  [ ] **U.S. POSTAL SERVICE**   [ ] **OVERNIGHT DELIVERY**

[ X ] **BY EMAIL:** I electronically transmitted a true and correct copy thereof to the interested parties' electronic notification address(es) of record before close of business for the purpose of effecting service and the transmission was reported as complete and without error.

I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on July 1, 2015, at Fresno, California.

*s/ Mai Vang*
MAI VANG